Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| VUR-JER, LLC.<br><br>**Apelado**<br><br>V.<br><br>Junta Reglamentadora De Cannabis Medicinal<br><br>**Apelante** | TA2025AP00066 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil. Núm. JRCM2022031<br><br>Sobre: Vencimiento De Licencia CM-2018-088 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de agosto de 2025.

El 30 de junio de 2025, Vur-Jer, LLC (Vur Jer o el recurrente) compareció ante nos mediante un *Recurso de Revisión Judicial*[1] y solicitó la revisión de una *Resolución Final* que se emitió el 28 de mayo de 2025 y se notificó al día siguiente. Mediante el aludido dictamen, la Junta Reglamentadora del Cannabis Medicinal (Junta o la recurrida) acogió la recomendación de la Oficial Examinadora. En consecuencia, determinó que no procedía permitirle a Vur Jer la presentación tardía de la solicitud de renovación del permiso de la licencia núm. CM-2018-088 para operar su negocio de cannabis medicinal.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen recurrido.

---

[1] Cabe precisar que, aunque Vur Jer presentó un recurso de revisión judicial, por error o inadvertencia la Secretaría de este Tribunal le asignó un alfanumérico de una apelación. Así pues, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

I.

Según el expediente ante nuestra consideración, Ver Jur era una compañía de responsabilidad limitada la cual obtuvo una licencia para operar un negocio de cannabis medicinal. Dicha licencia fue expedida por la Junta el 25 de junio de 2018, y se le asignó el número CM-2018-088. Las renovaciones de la referida licencia correspondiente a los años 2019, 2020 y 2021 fueron tramitadas por Vur Jer y aprobadas por la Junta, siendo la fecha de vencimiento de la última licencia el 25 de junio de 2022. Cónsono con lo anterior, Vur Jer, presentó una solicitud de revisión administrativa ante la Junta a los fines de solicitar la renovación de la licencia para operar su negocio de cannabis medicinal.[2]

Atendida la solicitud de Vur Jer, el 6 de mayo de 2025, la Lcda. Ramagui Rivera De Jesús (licenciada Rivera), oficial examinadora, presentó su *Informe de la Oficial Examinadora.*[3] En esencia, determinó que no procedía permitirle a Vur Jer la presentación de la solicitud de renovación de la licencia núm. CM-2018-088 por tardía. Particularmente, la oficial examinadora resolvió que la licencia expedida a Vur Jer tenía vigencia hasta el 25 de junio de 2022, por lo que la solicitud de renovación tenía que ser presentada en el periodo de treinta (30) días previo a la fecha de su vencimiento. Además, concluyó que Vur Jer no acreditó las gestiones realizadas dirigidas a presentar la solicitud en el término correspondiente, tampoco incluyó una explicación a los fines de demostrar justa causa por haber presentado dicha solicitud de manera tardía.

Cónsono con lo anterior, el 28 de mayo de 2025, la Junta emitió su *Resolución Final* que se notificó al día siguiente en la cual

---

[2] Véase, Entrada Núm. 2 del apéndice del recurso, SUMAC TA.
[3] Íd.

acogió el informe de la oficial examinadora.[4] Por consiguiente, sostuvo la determinación de no permitir a Vur Jer la radicación tardía de la solicitud de renovación de la licencia núm. CM-2018-088. Inconforme con esta determinación, el 30 de junio de 2025, la parte recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró la Junta Reglamentadora del Cannabis Medicinal al dejar sin efecto la ley del caso decretada en abril de 2023 y alterar de manera *ultra vires* sin fundamento su decisión previa de permitir el testimonio de la Lcda. Questell Aguirre, principal testigo de la Parte Recurrente-Promovente.**
>
> **Erró la Junta Reglamentadora del Cannabis Medicinal al denegar la admisibilidad del testimonio de una testigo esencial de la Parte Recurrente-Promovente del proceso administrativo.**
>
> **Erró la Junta Reglamentadora del Cannabis Medicinal al negarse a notificar reducido a escrito su dictamen denegando admitir como anunciado y previamente acordado el testimonio de la Lcda. Questell Aguirre.**
>
> **Erró la Junta Reglamentadora del Cannabis Medicinal al determinar que la Sa. Gwen G. Black no era parte indispensable en el proceso de revisión de resolución administrativa.**
>
> **Erró la Junta Reglamentadora del Cannabis Medicinal al denegar la solicitud de renovación de licencia al exigir requisitos no contemplados en ley ni en su reglamentación vigente, en contravención a su propio historial administrativo.**

Atendido el recurso, el 8 de julio de 2025, emitimos una *Resolución* concediéndole a la Junta hasta el 22 de julio de 2025, para presentar su alegato en oposición. Oportunamente, el 18 de julio de 2025, la parte recurrida presentó su *Oposición a Recurso de Revisión Administrativa* y negó que la agencia cometiera los errores que Vur Jer le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver. *Veamos.*

II.

---

[4] Íd.

La Sección 4.1 de la Ley Núm. 38-2017 mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9671, permite que se solicite al Tribunal de Apelaciones la revisión judicial de las decisiones de las agencias administrativas. Dicha doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra,* pág. 35. Esta presunción de legalidad y corrección "debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla". Íd. La persona que impugne la legalidad o corrección tendrá que presentar evidencia suficiente para derrotar tal presunción, no pudiendo descansar únicamente en meras alegaciones. Íd. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares, supra.*

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en

determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd., pág. 628. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627.

Cónsono a lo anterior, la Sec. 4.5 de la LPAUG, 3 LPRA sec. 9675, en esencia, dispone que el alcance de una revisión judicial de una determinación administrativa se circunscribe a determinar lo siguiente: (1) si el remedio que concedió la agencia fue apropiado; (2) si las determinaciones de hechos que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, por último, (3) si las conclusiones de derecho fueron correctas. Así pues, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Íd.

Ahora bien, **es de suma importancia precisar que para que el foro apelativo pueda ejercer su función de revisión judicial, es esencial que las agencias administrativas expongan de manera clara sus determinaciones de hechos y las razones para llegar a su determinación final, incluyendo hechos básicos de los cuales, a través de un proceso de razonamiento e inferencia, se derivan de aquellos.** (Énfasis suplido) *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437-438 (1997). Es decir, el dictamen debe reflejar que dicho organismo ha considerado y resuelto los conflictos de prueba, y sus determinaciones deben de incluir tanto los hechos probados como los que fueron rechazados.

Íd. **Consecuentemente, los fundamentos de una decisión no pueden ser *pro forma*.** Íd. **Estos deben reflejar que la agencia cumplió con su obligación de evaluar y resolver los conflictos de prueba del caso ante su consideración.** Íd. (Énfasis suplido).

A tenor con lo antes expresado, nuestro Más Alto Foro ha establecido que las determinaciones de hechos en los dictámenes finales de las agencias administrativas, "deben ser lo suficientemente definidas para poner a las cortes en posición de revisar inteligentemente la decisión [del organismo administrativo] y determinar si los hechos tal y como [éste] los encontró probados... ofrecen una base razonable para [su decisión]". (Énfasis suplido) *Misión Industrial v. Junta de Planificación*, 146 DPR 64, 152 (1998). **En cuanto a las conclusiones de derecho, "la agencia no puede limitarse a 'recitar' o a repetir frases generales que aparecen en [sus reglamentos o en su ley orgánica] como único fundamento para su decisión".** Íd. **Así pues, en conclusión, las determinaciones de hechos y las conclusiones de derecho que forman parte de las resoluciones finales de las agencias administrativas no pueden ser *pro forma*.** (Énfasis nuestro).

Por su parte, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, delimita el alcance de la revisión judicial de las decisiones administrativas y los requisitos formales de dichos dictámenes. Particularmente y en lo pertinente al caso ante nos, la referida sección dispone que **una orden o resolución final debe incluir determinaciones de hechos y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.** (Énfasis suplido).

Por otro lado, el Reglamento Núm. 9038 intitulado *Reglamento Para Manejar el Estudio, Desarrollo e Investigación del Cannabis Para*

*la Innovación, Normas Aplicables y Límites* aprobado el 2 de julio de 2018, aplica a los procesos relacionados con la radicación, trámite y adjudicación de las solicitudes presentadas ante la consideración de la Junta Reglamentadora del Cannabis Medicinal. Art. 2 del Reglamento Núm. 9038. En específico, el Art. 142 (A) dispone que la orden o resolución final se emitirá por escrito dentro de los noventa (90) días después de concluida la vista o después de la radicación de las propuestas determinaciones de hechos y conclusiones de derecho o ampliado con el consentimiento por escrito de todas las partes o por causa justificada. Por su parte, el inciso (B) del referido Art. establece que, **la orden o resolución incluirá y expondrá por separado las determinaciones de hechos, si no se han renunciado, conclusiones de derecho que fundamenten la adjudicación y disponibilidad del recurso de reconsideración o revisión según sea el caso.** (Énfasis suplido)

III.

En el caso ante nos, la parte recurrente nos solicitó la revocación de la *Resolución Final* que se emitió el 28 de mayo de 2025 y se notificó al día siguiente. Específicamente, en su primer y segundo señalamiento de error, argumentó que la Junta erró al dejar sin efecto la ley del caso decretada en abril de 2023 y alterar de manera *ultra vires* y sin fundamento su decisión previa de permitir el testimonio de la licenciada Questell. Sostuvo que la Junta incidió al no permitir el testimonio de un testigo esencial. De igual forma, en su tercer señalamiento de error, planteó que la Junta erró al negarse a reducir por escrito su dictamen en el cual denegó admitir el testimonio de la licenciada Quetsell.

Por otro lado, en su cuarto señalamiento de error, señaló que la Junta incidió al determinar que la señora Black no era parte indispensable en el proceso de revisión de la resolución administrativa. Por último, en su quinto señalamiento de error,

impugnó la determinación de la Junta al concluir que ésta erró al denegar la solicitud de renovación de licencia al exigir requisitos no contemplados en ley ni en su reglamentación vigente. Ello en contravención a su propio historial administrativo.

En el caso de autos, el 6 de mayo de 2025, la Oficial Examinadora de la Junta presentó su Informe. Posteriormente, el 28 de mayo de 2025, la Junta emitió su *Resolución Final.* En esta, la Junta se limitó a incluir una breve narrativa de los hechos procesales y adoptó en su totalidad el informe presentado por la licenciada Rivera, sin realizar sus propias determinaciones de hechos ni fundamentar de manera independiente sus conclusiones de derecho con base en la prueba contenida en el expediente administrativo.

El proceder antes expuesto impide que este foro pueda ejercer su función revisora de forma adecuada. Para que un Tribunal pueda revisar una determinación administrativa, es indispensable que la agencia exponga determinaciones de hechos claras y específicas, así como conclusiones de derecho debidamente fundamentadas. Estas deben demostrar que la agencia evaluó la prueba, resolvió los conflictos y aplicó correctamente el derecho a los hechos acreditados. Las decisiones no pueden ser *pro forma* ni limitarse a reproducir normas generales. Véase, *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, supra, págs. 437-438; *Misión Industrial v. Junta de Planificación*, supra, pág. 152.

Asimismo, la LPAUG exige que toda resolución final contenga determinaciones de hechos, conclusiones de derecho que sustenten la adjudicación y la advertencia sobre la disponibilidad del recurso de revisión o reconsideración. Artículo 4.2 de la LPAUG, *supra.* Por su parte, el Art. 142(B) del Reglamento Núm. 9038, *supra,* dispone que la orden o resolución final "incluirá y expondrá por separado las determinaciones de hechos, si no se han renunciado, conclusiones

de derecho que fundamenten la adjudicación y disponibilidad del recurso de reconsideración o revisión, según sea el caso".

A la luz de lo antes expuesto, es evidente que el dictamen recurrido no cumple con los requisitos legales mínimos que permitan ejercer una revisión judicial efectiva. En consecuencia, la Junta deberá, al emitir su nueva determinación final, cumplir cabalmente con las disposiciones de la LPAUG, el Reglamento Núm. 9038 y la jurisprudencia aplicable. Ello implica formular determinaciones de hechos concretas y definidas, y conclusiones de derecho derivadas de un análisis sustancial del derecho aplicable a los hechos probados.

Por todo lo anterior, y dado que la *Resolución Final* emitida el 28 de mayo de 2025, no cumple con los requisitos formales exigidos, nos abstenemos de evaluar los errores señalados. Procede revocar dicho dictamen y devolver el caso a la Junta para que emita un nuevo dictamen conforme a lo antes expuesto. Por último, aclaramos que mediante este dictamen no estamos prejuzgando en los méritos de la solicitud de renovación de la licencia de Vur Jer.

IV.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido y ***devolvemos*** el caso a la agencia administrativa para que resuelva según lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones